## No. 524
## L. S. ELECTRIC RY. CO. v. ROBBINS, Admr.

Ohio Appeals, Eighth District, Cuyahoga County
No. 4249. Decided March 5, 1923

This opinion has not been published except in Abstract.

CHARGE OF COURT—(1) Defendant not prejudiced by repetition of court's charge—(2) Verdict not manifestly against weight of evidence.

Funk, Washburn and Pardee, JJ., Ninth District, Sitting

PER CURIAM.
Epitomized Opinion

This was an action for wrongful death. Morris Robbins, the deceased, was driving an automobile easterly on Lake road and at a short distance east of Vermilion he crossed at grade the track of the N. Y. C. Railway Company and as he was crossing

## CURRENT COURT CF APPEALS CASES--Continued

the track of the defendant railway company he was hit by a street car and killed. The two crossings are close together and cross the highway diagonally. During the trial the court admitted evidence of a statute governing steam railroads as to the blowing of a whistle and the ringing of a bell at highway crossings, but later and before the evidence was submitted to the jury the court discovered that the statute did not apply to electric railways and thereupon the court withdrew from the jury the instructions as to such statute. The court clearly explained that such statute had no application and clearly directed the jury to disregard it. At the request of defendant, the court, before argument, instructed the jury as to the duty of the company in maintaining warning signs. The general charge covered the same subject in more detail. At the close of the general charge the plaintiff requested that the court charge further on "warning signs" and hereupon the court again explained the law on that subject substantially the same as had been theretofore charged. The jury returned a verdict for plaintiff Robbins in the sum of $5,000. The railway company prosecuted error. Held:

1. The defendant's rights were not prejudiced by a re-statement of the law as to "warning signs" and undue emphasis was not placed upon that particular question.

2. It cannot be said that the verdict was manifestly against the weight of evidence where there is creditable evidence supporting the same.

Attorneys—Tolles, Hogsett, Ginn & Morley, for Electric Co.; Klein and Harris, for Robbins.